**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**(Newark Vicinage)**

| | |
|---|---|
| JOHN SACCHI ("Consumer"), Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS INCORPORATED ("Quest"), RAMONA WELDON, GITA "DOE" and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. 2:20-cv-12804<br><br><br>**NOTICE OF REMOVAL**<br>**(Federal Question)** |

TO:   Clerk,
      United States District Court
      District of New Jersey
      Martin Luther King Building
      & U.S. Courthouse
      50 Walnut Street
      Newark, NJ 07102

      Stephen J. Simoni, Esq.
      Simoni Consumers Class
      Action Law Offices
      c/o Jardim, Meisner & Susser, P.C.
      30B Vreeland Road, Ste. 100
      Florham Park, New Jersey 07932
      Attorneys for Plaintiffs

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Quest Diagnostics

Incorporated, by and through its counsel, hereby gives notice of the removal to this Court of a

civil action originally filed as John Sacchi ("Consumer"), Individually and on behalf of all others

similarly situated *v. Quest Diagnostics, Incorporated ("Quest"), Ramona Weldon, Gita "Doe"*

*and DOES 1-10, inclusive.*, Docket Number MON-L-1503-20, in the Superior Court of the State

6021980_1                                             1

of New Jersey, Law Division, Monmouth County Vicinage. In support of this Notice of Removal, Defendant states as follows:

1.      This is an action of a civil nature in which the District Courts of the United States have been given jurisdiction pursuant to 28 U.S.C. § 1331 in that claims asserted in the Complaint arise under a federal law, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 110 Stat. 1936, 42 USC § 1320d et seq. and the  HIPAA Privacy Rule, 45 CFR § 164.500, et seq., a federal question.  Plaintiff's filed a class action generally alleging that Quest violated a federal statute, HIPAA, by  failing to comply with Plaintiff's request for Protected Health Information.

2.      Under the provisions of 28 U.S.C. §§ 1441, *et seq*., the right exists to remove this case from the Superior Court of New Jersey, Law Division: Monmouth County Vicinage, to the United States District Court for the District of New Jersey, Newark Vicinage.

3.      Pursuant to Local Rule 40.1, this matter is properly allocated to the Newark Vicinage.  Defendant Quest's principal place of business is in Secaucus, New Jersey located in the Newark Vicinage.  Furthermore, the cause of action arose in the Newark Vicinage as Plaintiff claims concern Quest's corporate policies and procedures. Additionally, relevant documents are likely located at Quest's headquarters  in the Newark Vicinage, and counsel for Plaintiffs and Quest are located in the Newark Vicinage.

4.      On May 14, 2020, Plaintiff John Sacchi, individually and on behalf of all others similarly situated, electronically filed a Summons and Verified Complaint in the Superior Court of the State of New Jersey, Monmouth County Vicinage, under the docket number MON-L-1503-20.  Plaintiffs' Verified Complaint named Quest Diagnostics Incorporated ("Quest") as a Defendant. See Summons and Verified Complaint attached hereto as Exhibit A.

5.      On August 18, 2020, Quest was served with a copy of the Summons and Verified Complaint. See Affidavit of Service attached hereto as Exhibit H.

6.      This Notice of Removal is timely filed, within thirty (30) days of service of the Summons and Verified Complaint, pursuant to 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

7.      Removal from the Superior Court of New Jersey, Law Division: Monmouth County Vicinage, is proper under 28 U.S.C. § 1441(a) and (c), which authorizes the removal of any civil action of which the District Courts of the United States have original jurisdiction and "if a civil action includes a claim arising under the Constitution, laws or treaties of the United States"

8.      This Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 insofar as the Complaint of alleges violations of a federal law, HIPAA, 110 Stat. 1936, 42 USC § 1320d et seq. and the  HIPAA Privacy Rule, 45 CFR § 164.500, et seq., a federal question.  HIPAA Privacy Rule, 45 CFR § 164.500, et seq., a federal question.

9.      Specifically, Count II of the Complaint alleges Quest violated HIPAA and the HIPAA Privacy Rule 45 CFR 164.524 by "knowingly refuse[ing] to provide Plaintiff with required Protected Health Information within thirty days of request as mandated by the HIPAA Privacy Rule."  Exhibit A ¶ 45.  Count II further alleges that Quest violated the HIPAA Privacy Rule by "deliberately refus[ing] to repair its lab test notification system and refuse to change its company-wide policy that refuses to provide Protected Heath Information to patients." Id.¶ 46.

10.     Count III of the Complaint sets forth a theory of recovery under negligence per se that Quest breached "the statutory duty they owe to Plaintiff and other prospective Class member

to provide the Protected Health Information as required by the HIPAA Privacy Rule and implementing regulations." *Id.* ¶49.

11.     Similarly, Count IV of the Complaint is a claim of negligence, alleging Quest breached its duty to "change its companywide policy that refuses to provide Protected Health Information as required by the HIPAA Privacy Rule to patients." *Id.* ¶54.

12.     Further, Count I of the Complaint is a restatement of Count II of the Complaint, seeking recovery under the New Jersey Consumer Fraud Act for Quest's alleged violation of the HIPAA Privacy Rule when it refused to provide Plaintiff requested Protected Health Information as required by the HIPAA Privacy Rule and refused to repair its lab test notification system and change its companywide policy to provide Protected Health Information to patients.  *Id.* ¶¶ 34, 37.

13.     Accordingly, this is a civil action alleges a claim arising under federal law of which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1331, and therefore may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (c).  Although the primary claims are all based on HIPAA and therefore raise a federal question, to the extent this Court determines a claim is not related to HIPAA, this Court nevertheless maintains supplemental jurisdiction over any non-related claims pursuant to 28 U.S.C. § 1367.

14.     By filing this Notice of Removal, Quest does not waive and hereby expressly reserves the right to assert any defense or motion available.

15.     Pursuant to Local Rule 5.2(1) Quest attaches herewith as Exhibits A - I copies of all documents previously filed with the Superior Court of New Jersey.

16.     Promptly after filing this Notice of Removal, a written Notice of Filing of Removal will be served on Plaintiff's counsel, and to the Clerk of the Superior Court of New Jersey, Law Division: Monmouth County Vicinage as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant Quest Diagnostics Incorporated removes this entire action from the Superior Court of New Jersey, Law Division: Monmouth County Vicinage, to the United States District Court for the District of New Jersey, Newark Vicinage, and requests that this Court assume full jurisdiction over this case as provided by law.

Dated: Florham Park, New Jersey
      September 17, 2020

                     By:    s/Michael T. Hensley
                             Michael T. Hensley, Esq.
                             BRESSLER, AMERY & ROSS, P.C.
                             325 Columbia Turnpike
                             Florham Park, New Jersey 07932
                             (973) 514-1200
                             Attorneys for Defendant
                             Quest Diagnostics Incorporated